IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CONNIE E. CROMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **FILE NO. _____** |
| **ASHWORTH & ASSOCIATES, P.C.,** | ) | |
| **RAYMOND A. LEVANDOSKI, JR.,** | ) | **JURY TRIAL DEMANDED** |
| Individually, **DOUGLAS A. LANGLEY,** | ) | |
| Individually, **DALE G. EICH,** | ) | |
| Individually, and **RICHARD G. BIRO,** | ) | |
| Individually, | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, CONNIE E. CROMER ("Plaintiff" or "Cromer"), files this her Complaint for relief against Defendants, ASHWORTH & ASSOCIATES, P.C., RAYMOND A. LEVANDOSKI, JR., individually, DOUGLAS A. LANGLEY, individually, DALE G. EICH, individually, and RICHARD G. BIRO, individually (collectively "the Defendants" or the "Employers"), and shows the Court as follows:

1

## NATURE OF COMPLAINT

1.

This Complaint is filed by Plaintiff against Defendants to obtain full and complete relief and to redress the unlawful employment practices described herein. This action seeks unpaid overtime compensation, liquidated damages, emotional distress damages, and any and all other equitable relief, including but not limited to, costs and attorney's fees arising from the wrongful and illegal acts engaged in by Defendants against Plaintiff as set forth below, and Defendants' systematic and willful violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), as well as related state law claims.

## THE PARTIES, JURISDICTION AND VENUE

2.

The Court has subject matter jurisdiction over the federal claims pursuant to 29 U.S.C. §§ 216(b) and (c), 28 U.S.C. §§ 1331 and 1337, and over the state law claims pursuant to 28 U.S.C. § 1367.

3.

Plaintiff is a citizen and resident of the United States and Gwinnett County, Georgia, and during the three year period immediately preceding the date

of this Complaint, was employed by the Defendants as a Staff Accountant at the office situated in Gwinnett County, Georgia in the Northern District of Georgia.

4.

Defendant Ashworth & Associates, P.C. ("A&A"), is a Georgia corporation with its principal place of business located at 270 Constitution Blvd., Lawrenceville, Gwinnett County, Georgia 30046.  A&A is subject to the jurisdiction and venue of this Court and may be served by serving its registered agent, Douglas A. Langley, at said principal place of business.

5.

Defendant Raymond A. Levandoski, Jr. ("Levandoski") is an individual residing at 1767 Chadwick View Court, Lawrenceville, Gwinnett County, Georgia 30043, where he may be served.  Levandoski is subject to the jurisdiction and venue of this Court.

6.

Defendant Douglas A. Langley ("Langley") is an individual residing at 4445 Longmead Road, Flowery Branch, Hall County, Georgia 30097, where he may be served.  Langley is subject to the jurisdiction and venue of this Court.

7.

Defendant Dale G. Eich ("Eich") is an individual residing at 1240 Centenary Ridge, Snellville, Gwinnett County, Georgia 30078, where he may be served. Eich is subject to the jurisdiction and venue of this Court.

8.

Defendant Richard G. Biro ("Biro") is an individual residing at 3622 Southwick Drive, Kennesaw, Cobb County, Georgia 30144, where he may be served. Biro is subject to the jurisdiction and venue of this Court.

9.

Venue is proper pursuant to 29 U.S.C. § 216(b), and Local Rule 3.1B, Northern District of Georgia.

## STATEMENT OF FACTS AND CLAIMS

10.

Plaintiff was an "employee" as defined under FLSA § 3(e), 29 U.S.C. § 203(e) of the Defendants.

11.

Defendant A&A is an "employer" within the definition of FLSA § 3(d), 29 U.S.C. 203(d), and is not an exempt employer under the FLSA.

12.

Defendant Levandoski is an "employer" within the definition of FLSA § 3(d), 29 U.S.C. 203(d), and is not an exempt employer under the FLSA.

13.

Defendant Langley is an "employer" within the definition of FLSA § 3(d), 29 U.S.C. 203(d), and is not an exempt employer under the FLSA.

14.

Defendant Eich is an "employer" within the definition of FLSA § 3(d), 29 U.S.C. 203(d), and is not an exempt employer under the FLSA.

15.

Defendant Biro is an "employer" within the definition of FLSA § 3(d), 29 U.S.C. 203(d), and is not an exempt employer under the FLSA.

16.

Defendants control all material aspects of the employer-employee relationships of A&A, including decisions regarding compensation, job classification, duties, responsibilities, qualifications and training.

17.

Defendants are private employers engaged in interstate commerce.

18.

Defendants are jointly and severally liable for the amounts due for violations of the FLSA.

19.

Defendants are governed by and subject to 29 U.S.C. § 207.

20.

Plaintiff was employed by Defendants as a Staff Accountant beginning on or about November 19, 2007 through June 23, 2011, and for the three years preceding the filing of this Complaint (the "relevant period").

21.

Defendants initially characterized Plaintiff as "exempt" from the overtime requirements of the FLSA, and did not pay Plaintiff for any overtime compensation. Defendants later changed this classification as shown below.

22.

On a routine basis, Defendants understaffed during peak tax season knowing that doing so would necessitate that Plaintiff work substantial overtime hours for which she, having been classified by Defendants as "exempt," would not receive overtime compensation.

23.

Plaintiff's primary job duties and responsibilities during the relevant period consisted of routine work of performing review and compilation services for clients, and performing monthly bookkeeping services for various clients, and preparing tax returns, all of which were assigned to her and directed by Defendants. She also prepared tax returns during tax season.

24.

Plaintiff worked more than 40 hours per week during certain times of each year 2007 through her termination in 2011.

25.

Beginning in approximately April, 2011, Defendants took certain work away from Plaintiff and gave it to other employees for "training," thereby reducing her available work.

26.

Effective June 13, 2011, Defendants advised Plaintiff if there was no work to be done, Staff Accountants, including Plaintiff, would be sent home and not paid, or she would be allowed to take PTO ("paid time off," including personal and vacation time) and be paid. The Defendants told her if she exhausted her PTO, she would not be paid if they gave her no work. If there was work and Plaintiff

had to work more than 40 hours per week, Plaintiff was told she would not be paid overtime.

27.

On June 16, 2011, Defendant Langley provided Plaintiff with her annual review, which was a good review.  At this review, Plaintiff questioned the new pay policy as applied to her since Defendants had previously treated her as an exempt employee.  Defendant Langley told her the new pay policy applied to her and she would not be paid if there was no work.  She also asked if she would be paid overtime during tax season, when overtime was typically required, since she was not being treated as an exempt employee, and Defendant Langley told her that she would not be paid overtime.

28.

On June 20, 2011, Plaintiff met with Defendant Levandoski where she complained that if she was non-salaried then she was non-exempt and Defendants had to pay her overtime.  She complained about being forced to take unpaid PTO while not being paid overtime.  At this meeting, she provided Defendant Levandoski with a written statement that such policy was a violation of the FLSA. She also provided Defendant Levandoski with Fact Sheet #17G published by the U.S. Department of Labor, Wage and Hour Division.  She explained that

Defendants could not have it both ways, if they classified her as non-salaried, then she was non-exempt and they were required to pay her overtime. Defendants indicated they would review the issue and get back to her.

29.

On June 23, 2011, Defendant Levandoski, Eich and Langley met with Plaintiff. In that meeting, Defendant Levandoski told her she was terminated stating, "In light of our conversation on Monday, we are going to have to let you go." Monday referred to the June 20, 2011 meeting.

30.

Defendants did not provide Plaintiff with a Notice of Separation (Ga. DOL Form 800), but reported to the Georgia Department of Labor that she was terminated due to lack of work, which was an untrue statement. This stated reason is false and a pretext for prohibited FLSA retaliation.

31.

From November 19, 2007 through June 23, 2011, Defendant did not pay Plaintiff for all hours worked in excess of forty (40) hours per week on a basis of not less that one and one-half (1 ½) times the regular rate of pay.

32.

Defendants willfully violated the FLSA.

33.

Plaintiff was unable to find employment until she found a position at which she began work on October 25, 2011, making significantly less than she had at A&A.

## COUNT ONE

## VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215 RETALIATION

34.

Plaintiff incorporates and re-alleges all preceding paragraphs as if stated verbatim herein.

35.

The above facts support Plaintiff's claims of retaliation under the FLSA.

36.

Defendants took an adverse employment action and retaliated against Plaintiff in terminating her employment because she made an FLSA complaint in violation of FLSA § 15, 29 U.S.C. § 215(b)(3).

37.

Defendants' retaliation was a willful violation of the FLSA.

38.

Pursuant to FLSA § 16, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover her lost wages, liquidated damages in an equal amount, prejudgment interest, attorneys' fees, front pay, emotional distress damages, the costs of this litigation, and any and all other allowable damages and legal and equitable relief.

## COUNT TWO

## VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

39.

Plaintiff incorporates and re-alleges all preceding paragraphs as if stated verbatim herein.

40.

The above facts support Plaintiff's claims for relief under the FLSA.

41.

By their actions in 2011 changing Plaintiff to a non-salaried employee, Defendants admitted that Plaintiff was not a salaried exempt employee under the FLSA, thus, she should have been paid overtime the entire time she was working for Defendants.

42.

Defendants violated FLSA § 7, 29 U.S.C. § 207 by failing to pay overtime wages equal to one and one-half (1 ½) times base pay for those hours over forty (40) worked by Plaintiff each week.

43.

Plaintiff is entitled to compensation for all unpaid overtime, as provided by the FLSA.

44.

Defendants' violation of the FLSA was intentional, willful and/or reckless, thereby entitled Plaintiff to recover liquidated damages as provided for by the FLSA.

45.

Defendants' failure to pay overtime to Plaintiff was and is intentional and willful, so that the three (3)-year statute of limitation applies to this action.

46.

Pursuant to FLSA § 16, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover her unpaid overtime differential or back pay, liquidated damages in an equal amount, prejudgment interest, attorneys' fees, front pay and the costs of this litigation, and any and all other allowable damages.

## **STATE LAW CLAIMS**

## **COUNT THREE**

## **BREACH OF CONTRACT**

47.

Plaintiff incorporates and re-alleges all preceding paragraphs as if stated verbatim herein.

48.

Defendants breached their contract with Plaintiff by taking work away from her and giving it to another employee.

49.

Defendants breached their contract with Plaintiff by requiring Plaintiff to take PTO when they deemed work was not available and not paying her for that PTO.

50.

Defendants are liable to Plaintiff for all remedies and recovery allowed her by law for such breaches and violations, which Plaintiff seeks in this action to the full extent allowed by law.

51.

Plaintiff shows further that Defendants have acted in bad faith, have been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense such as to entitle Plaintiff to recover her expenses of litigation, including reasonable attorneys' fees under O.C.G.A. § 13-6-11, which Plaintiff seeks hereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a) That process issue against Defendants as provided by law;

b) That the Court grant trial by jury;

c) That this Court enter judgment awarding Plaintiff unpaid overtime wages or back pay pursuant to 29 U.S.C. § 207, liquidated damages on unpaid overtime as provided by 29 U.S.C. § 216, lost wages, prejudgment interest, front pay, court costs, costs of litigation, attorneys' fees, emotional distress damages, and any and all other allowable damages and legal and equitable relief as provided under FLSA 29 U.S.C. § 216, and all other remedies and damages allowed under the FLSA;

d) That the Plaintiff have judgment against and recover from Defendants compensatory damages to the full extent allowed by

law to fully recompense Plaintiff for all damages, injuries and losses suffered and to be suffered by Plaintiff as a result of Defendants' breach of contract with Plaintiff;

e) That Plaintiff have judgment on her state law claims against each Defendant in an amount to be determined by the enlightened conscience of an impartial jury;

f) That Plaintiff be awarded her expenses of litigation, including her reasonable attorneys' fees against Defendants;

g) That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts; and

h) That the Court grant such other and further relief as it deems just and proper.

**RESPECTFULLY SUBMITTED**, this 23rd day of February, 2012.

/s/ Mary A. Prebula
Mary A. Prebula
Georgia Bar No. 586743
PREBULA & ASSOCIATES LLC
Suite 200 The Crescent Building
3483 Satellite Boulevard, N.W.
Duluth, Georgia 30096-5800
(770) 495-9090 phone
(770) 497-2363 fax
mprebula@prebulallc.com
M:\Documents\Cromer\Complaint.doc