## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CONNIE E. CROMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO. 1:12-cv-00574-JOF** |
| **ASHWORTH & ASSOCIATES, P.C.,** | ) | |
| **RAYMOND A. LEVANDOSKI, JR.,** | ) | **JURY TRIAL DEMANDED** |
| **Individually, DOUGLAS A. LANGLEY,** | ) | |
| **Individually, DALE G. EICH,** | ) | |
| **Individually, and RICHARD G. BIRO,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Connie E. Cromer, and all named Defendants, submit this Joint Motion for Approval of Settlement and Dismissal with Prejudice, showing as follows:

1.      In September 23, 2011, Plaintiff filed this action seeking unpaid wages, overtime, liquidated damages, emotional distress damages, attorneys' fees, and costs under the Fair Labor Standards Act, state law, and common law.  The complete factual allegations that Plaintiff contends support her claims are set forth in her Complaint.

1

2.    Defendants deny Plaintiff's claims in their entirety.

3.    There are numerous unresolved legal issues that bear upon the claims and defenses asserted by the parties.  The parties have engaged in informal discovery regarding Plaintiff's claims.   Good faith disputes between the parties remain, including:

(a)    Whether Plaintiff was properly compensated;

(b)    The proper method by which to calculate unpaid wages due, if any;

(c)    The amount of liquidated damages, if any, to which Plaintiff might be entitled; and

(d)    The amount of attorney's fees and costs, if any, to which Plaintiff might be entitled.

4.    If the parties cannot resolve the case by compromise, these issues would likely warrant further time-consuming efforts and expensive discovery, and the parties will face continued uncertainty concerning the scope and future resolution of this case.

5.    The parties engaged in arms length negotiations in which various settlement offers were exchanged; and engaged in private mediation.  To settle the foregoing and all other outstanding issues, the parties have entered into a

2

Settlement Agreement and Release which contains all of the material terms of the agreement between the parties.  (*Settlement Agreement Filed Under Seal*).

> 6.     The parties and their counsel believe that the settlement of this case as reflected in the Agreement was reached by good faith, arms-length negotiations and constitutes a fair resolution of Plaintiff's claim. *See Bonetti v. Embarg Mgmt. Co.,*715 F. Supp. 2d 1222. 1227 (M.D. Fla., 2009) ("Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement…Rarely will the Court be in a position to declare that such a settlement is "unreasonable").   The parties therefore ask the Court to approve the settlement as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982), principally for the following reasons:

> (a)     The Settlement was reached by arms-length negotiations and mediation conducted in good faith, free of collusion;

> (b)     The settlement is solely as stated in the Agreement, and there is no "side deal" or other agreement between the parties or counsel;

> (c)     The likely expense and duration of this litigation is substantial and adverse to the interests of the Plaintiff and the Defendants;

3

(d)     The probability of Plaintiff's success on the merits on all her claims is difficult to ascertain with reasonable certainty at this stage given that the Plaintiff's claims for relief are disputed by the Defendants and will depend upon adjudication of various issues in litigation;

(e)     For the Plaintiff, the settlement will enable her to immediately conclude this litigation, to obtain personal closure of outstanding issues with the Defendants, to obtain compensation that she has expressed a desire and need to promptly obtain, and obviate meaningful, undesirable personal difficulties of litigation she will otherwise experience in the near future, including responding to discovery and appearing for deposition, and continued time-consuming assistance to her counsel;

(f)     For the Defendants, the settlement will allow them to immediately conclude this litigation without further expense or risk.

7.     The parties further agree that, upon the Court's approval of this motion, Plaintiff will dismiss the foregoing matter with Prejudice, as set forth in the attached prepared Order, with the right to file the Consent Judgment attached to the Agreement if the payments are not timely made.

WHEREFORE, the parties pray that the Court grant this motion, approve the settlement, and authorize the joint dismissal of this case with prejudice.

| | |
|---|---|
| /s/ Mary A. Prebula | /s/ Jeffery L. Thompson |
| Attorney for Plaintiff | Attorney for Defendants |
| Georgia Bar No. 586743 | Georgia Bar No. 708532 |
| PREBULA & ASSOCIATES LLC | CONSTANGY BROOKS & SMITH LLP |
| Suite 200 The Crescent Building | 577 Mulberry Street, Suite 710 |
| 3483 Satellite Boulevard, N.W. | Macon, GA 31201-8588 |
| Duluth, Georgia 30096-5800 | (478) 750-8600 phone |
| (770) 495-9090 phone | (478) 750-8686 fax |
| (770) 497-2363 fax | jthompson@constangy.com |
| mprebula@prebulallc.com | |